UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE LUIS BUENROSTRO,<br><br>    Defendant. | CR. NO. 2:95-504 WBS AC<br><br>ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

----oo0oo----

Before the court is defendant Jose Buenrostro's Motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines ("Guidelines").[1]  (Def.'s Mot. (Docket No. 387).)

On June 26, 1996, a jury found defendant guilty of conspiracy to manufacture methamphetamine in violation of 21

---

[1] Defendant filed two other motions related to this Motion: (1) a motion for expedited review of this Motion, and (2) a motion for release pending review of this Motion. (See Docket Nos. 389 and 405.)  The court will deny those motions as moot in light of this Order.

1

U.S.C. §§ 841(a)(1) and 846.  (Verdict (Docket No. 130).)  The United States Probation Office ("probation") issued a presentence report finding that defendant was leader of a drug conspiracy involving at least 84 pounds of actual methamphetamine, resulting in an offense level of 42 under the Guidelines.  (Presentence Report ¶¶ 24, 26, 30.)  Probation also found defendant to be a career offender and assigned him a category VI criminal status.  (Id. ¶ 58-59.)  Defendant's offense level and criminal status yielded a Guidelines sentencing range of 360 months to life in prison.  (Id. ¶ 55.)

Prior to trial, the government filed an information indicating that defendant had three drug felony convictions prior to this case.  (Id. ¶ 59.)  Defendant's prior convictions, in conjunction with his conviction in this case, subjected him to mandatory life in prison under 21 U.S.C. § 841.  (Id. ¶ 55.)

On January 8, 1997, the court held a sentencing hearing on defendant.  (Docket No. 191.)  Noting that "[t]he Guidelines indicate a mandatory sentence of life imprisonment," the court sentenced defendant to life in prison.  (Sentencing Hearing Tr. at 831, 833 (Docket No. 210).)

On August 3, 2016, President Barack Obama commuted defendant's sentence to 360 months.  (Exec. Grant of Clemency at 5 (Docket No. 400).)  According to the Federal Bureau of Prisons' website, defendant's expected release date is now December 21, 2021.  See Find an Inmate, https://www.bop.gov/inmateloc (last visited Nov. 23, 2016).

Defendant now moves to further reduce his sentence under Amendment 782 and 18 U.S.C. § 3582(c)(2) ("section

1  3582(c)(2)"). (Def.'s Mot.)  Section 3582(c)(2) allows a federal
2  court to "modify a term of imprisonment" where "a defendant [was]
3  sentenced . . . based on a sentencing range that has subsequently
4  been lowered by the [United States] Sentencing Commission."  18
5  U.S.C. § 3582(c)(2).  Amendment 782, promulgated by the
6  Commission in November 2014, reduced the offense level of many
7  drug crimes listed in the Guidelines' drug quantity table by two
8  levels, resulting in lower sentencing ranges in some cases.
9  United States v. Mitchell, No. 112-CR-00199-LJO-SKO, 2016 WL
10 4161082, at *1 (E.D. Cal. Aug. 4, 2016).  Defendant argues that
11 Amendment 782 reduced his sentencing range to 210 to 262 months,
12 making him eligible for relief under section 3582(c)(2).  (Def's
13 Reply at 12-13 (Docket No. 415).)

14         Defendant's argument fails because he was not sentenced
15 based on a sentencing range, but a statutorily required minimum.
16 (See Sentencing Hearing Tr. at 831.)  A "defendant whose sentence
17 is controlled by a statutory mandatory minimum is not eligible
18 for a sentence reduction under § 3582(c)(2)."  United States v.
19 Paulk, 569 F.3d 1094, 1096 (9th Cir. 2009), as amended (Aug. 6,
20 2009).  Thus, defendant is not eligible for a sentence reduction
21 under section 3582(c)(2).

22         The President's commutation of defendant's sentence
23 does not confer eligibility for section 3582(c)(2) relief upon
24 defendant.  The commutation itself is not a "lower[ing]" of any
25 Guidelines sentencing range, and does not change the fact that
26 defendant was not sentenced "based on" a sentencing range to
27 begin with.  Cf. Ohio Adult Parole Auth. v. Woodard, 523 U.S.
28 272, 284 (1998) ("Clemency proceedings . . . [are] independent of

1 . . . collateral relief proceedings."). Thus, defendant's argument that the President's commutation makes him eligible for relief under section 3582(c)(2) fails as well.

Because defendant is not eligible for relief under section 3582(c)(2), the court must deny his Motion.

IT IS THEREFORE ORDERED that defendant's Motion to reduce his sentence pursuant to § 3582(c)(2) (Docket No. 387) be, and the same hereby is, DENIED. Defendant's related motions (Docket Nos. 389 and 405) are DENIED AS MOOT.

Dated: November 23, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE