UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JOSE LUIS BUENROSTRO,<br><br>Movant. | No. 2:95-cr-0504 WBS AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner proceeding pro se, seeks leave to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 as well as the proposed motion. ECF No. 416. Also pending before the court are movant's motion for a ruling on his motion, and expedited motion for release pending review of his § 2255 motion. ECF Nos. 424, 425.

The court's records reveal that movant has previously filed a motion to vacate, set aside, or correct his sentence. On October 4, 2000 (ECF No. 254), the Clerk of the Court filed movant's second amended motion pursuant to § 2255 which was denied on the merits (ECF Nos. 303, 306). Before a movant can proceed with a second or successive § 2255 motion, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b)(3). Movant argues that he does not require prior authorization because his § 2255

1

motion is not second or successive.  He argues that because he was granted a commutation of his sentence, and the resulting reduction in his sentence constitutes a newly imposed sentence, he may challenge that new sentence in another initial § 2255 motion.  ECF No. 416.

While movant is correct that a § 2255 motion challenging a re-sentencing that results in a new judgment is not second or successive, Magwood v. Patterson, 561 U.S. 320, 331 (2010), movant has not been re-sentenced or obtained a new judgment in this case.  On August 3, 2016, by executive grant of clemency, movant's sentence was commuted to 360 months imprisonment.  ECF No. 400 at 5.  A commutation is not a new sentence or judgment.

> The judicial power and the executive power over sentences are readily distinguishable.  To render judgment is a judicial function.  To carry the judgment into effect is an executive function.  To cut short a sentence by an act of clemency is an exercise of executive power which abridges the enforcement of the judgment, but does not alter it qua judgment.  To reduce a sentence by amendment alters the terms of the judgment itself and is a judicial act as much as the imposition of the sentence in the first instance.

United States v. Benz, 282 U.S. 304, 311 (1931); see also Schick v. Reed, 419 U.S. 256, 266 (1974) ("The plain purpose of the broad power conferred by [the Constitution], was to allow plenary authority in the President to '*forgive*' the convicted person in part or entirely, to reduce a penalty in terms of a specified number of years, or to alter it with conditions which are in themselves constitutionally unobjectionable." (emphasis added)); Hagelberger v. United States, 445 F.2d 279, 280 (5th Cir. 1971) ("Commutation is the executive act reducing the terms of a sentence *already imposed*, substituting lesser for greater punishment." (emphasis added)) (citations omitted).

Because the grant of clemency does not constitute a new judgement for movant to challenge, leave to file another § 2255 motion should be denied because such a motion would be second or successive and petitioner has not obtained the required authorization from the United States Court of Appeals for the Ninth Circuit.  Petitioner may file another § 2255 motion only after obtaining the required authorization.

Because the undersigned hereby issues findings and recommendations regarding disposition of the motion for leave to file a § 2255 motion, the motion for a ruling is granted.

1  Additionally, in light of the recommendation that the motion for leave be denied, the undersigned
2  further recommends denial of the motion for release pending review of the proposed § 2255
3  motion.
4      Accordingly, IT IS HEREBY ORDERED that movant's request for a ruling on his motion
5  for leave to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255
6  (ECF No. 424) is granted to the extent that findings and recommendations have now been made
7  to the District Judge regarding disposition of the motion for leave to file a § 2255 motion.
8      IT IS FURTHER RECOMMENDED that:
9      1.  Movant's motion for release pending review of his proposed motion to vacate, set
10 aside, or correct his sentence (ECF No. 425) be denied.
11     2.  Movant's motion for leave to file a motion to vacate, set aside, or correct his sentence
12 pursuant to 28 U.S.C. § 2255 (ECF No. 416) be denied.
13     These findings and recommendations are submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21)
15 days after being served with these findings and recommendations, any party may file written
16 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
17 Findings and Recommendations."  The parties are advised that failure to file objections within the
18 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
19 F.2d 1153 (9th Cir. 1991).
20 DATED: February 6, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE