UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:95-cr-00504 WBS AC |
| Plaintiff/Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOSE LUIS BUENROSTRO, | |
| Defendant/Petitioner. | |

Defendant, a federal prisoner who is confined at FCC Lompoc and proceeds pro se, brings a "motion/petition" for miscellaneous relief. ECF No. 441. Petitioner seeks a judicial recommendation for home confinement under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. Id. The United States has opposed the motion. ECF No. 449. Petitioner filed a reply. ECF No. 452. The matter has been referred to the undersigned by the district judge. ECF No. 442.

I. Background

Mr. Buenrostro was tried and convicted in 1996 of conspiracy to manufacture more than 31 kilograms of methamphetamine. ECF No. 130. Because of his prior convictions for felony drug offenses, he was sentenced to life imprisonment on January 8, 1997. ECF No. 191. On September 13, 1999, defendant filed a timely motion under 28 U.S.C. § 2255, which was denied after extensive proceedings. ECF Nos. 219 (§ 2255 motion), 306 (order filed Oct. 6, 2003,

1

adopting Findings and Recommendations and denying relief), 318 (judgment of Court of Appeal, filed Jan. 17, 2006, affirming). His subsequent efforts to collaterally challenge the conviction and sentence were rejected. See ECF Nos. 323 (§ 2255 motion filed Dec. 12, 2007), 341 (order filed Apr. 30, 2008, dismissing § 2255 motion as second or successive), 353 (opinion of the Court of Appeals, filed Mar. 23, 2011, affirming); United States v. Buenrostro, 697 F.3d 1137, 1139 (9th Cir. 2012) (denying leave to file second or successive § 2255 motion).

On August 3, 2016, President Obama commuted petitioner's life sentence to 360 months. ECF No. 400. In light of the commutation, petitioner sought a modification of his sentence under 18 U.S.C. § 3582(c)(2) and further relief under § 2255. Both applications were denied, ECF Nos. 426, 432, and the Ninth Circuit affirmed on July 13, 2018, ECF No. 438.

In December 2018, Congress enacted the First Step Act, a package of federal prison and sentencing reforms. On February 8, 2019, petitioner moved for a judicial recommendation for home confinement as an elderly offender under the Act. ECF No. 441.

II. Section 603 of the First Step Act

The First Step Act of 2018 enacted multiple reforms to matters including the computation of good time credits, mandatory minimum sentences, safety valve eligibility, stacking, retroactivity of the Fair Sentencing Act's reduction of crack cocaine sentences, and the availability of early release. Section 603 of the Act, which is at issue here, addresses two distinct early release programs. Subsection (b) amends 18 U.S.C. § 3582(c)(1)(1) to increase the use and transparency of compassionate release. In relevant part, this amendment permits either BOP or the inmate to move the court to modify a sentence to permit compassionate release in the case of terminal illness. Pub. L. No. 115-391, § 603(b). Subsection (a) amends 34 U.S.C. § 60541(g), reauthorizing and expanding a pilot program created by the Second Chance Act of 2007 for moving eligible elderly inmates to home confinement until their prison terms expire. Pub. L. No. 115-391, § 603(a); see also 34 U.S.C. § 60541(g).

Under this program, "the Attorney General may release some or all eligible elderly offenders. . . to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender. . ." § 60541(g)(1)(B). The First Step Act made no change to this

2

language. The First Step Act does modify the eligibility criteria for the program, lowering the minimum age from 65 to 60 and the requirement of sentence already served from 75% to two-thirds. Pub. L. No. 115-391, § 603(a)(5). Eligibility also requires, among other things, a finding by BOP that release of a particular inmate to home detention will result in "a substantial net reduction of costs to the Federal Government." 34 U.S.C. § 60541(g)(5)(A)(vi).

III. Discussion

Petitioner seeks a judicial recommendation for home confinement under the amended pilot program for elderly inmates. The government raises several objections that it phrases in terms of this court's jurisdiction. The government contends first that the instant motion may not be considered in the context of this closed criminal case, and second that petitioner's claim is not cognizable under 28 U.S.C. § 2255. ECF No. 448 at 2-4. Finally, the government argues that the claim is cognizable only under 28 U.S.C. § 2241 and therefore must be brought in the district of petitioner's confinement. Id. at 5.[1]

The fact that the instant petition was filed in the underlying criminal case without being assigned a separate civil case number by the Clerk's Office has no effect on the court's jurisdiction. If the court has subject matter jurisdiction based on the nature of the claim, then the administrative classification of the petition is immaterial (or could be readily corrected as a purely administrative matter).

It is well-established that a federal inmate challenging the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to § 2255, while an inmate challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under § 2241. See Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) (discussing distinction between sections 2255 and 2241); see also Rodriguez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008) (affirming district court's grant of habeas relief under section 2241 to prisoner challenging BOP's refusal to consider prisoner for transfer to a Residential Reentry Center). A petition seeking inclusion in the elderly offender home detention pilot

---

[1] In the alternative, the government contends that the motion must be denied on its merits. Id. at 6-8.

3

program involves the manner and location of the sentence's execution, and thus falls within the scope of § 2241.  See Foster v. Washington-Adduci, 2010 U.S. Dist. LEXIS 41578, *8-15 (C.D. Cal., March 24, 2010) (Report and Recommendation) (finding jurisdiction under § 2241 to consider claim of eligibility for elderly offender pilot program), adopted, 2010 U.S. Dist. LEXIS 41470 (C.D. Cal. Apr. 27, 2010).  A § 2241 petition must be filed in the district of confinement, even when it substantively implicates the sentence imposed by another district court.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam).  Mr. Buenrostro is confined at FCC Lompoc, which is in the Central District of California.  Accordingly, to the extent that the instant motion is properly construed as a § 2241 petition, only the U.S. District Court for the Central District of California has jurisdiction.  See id.

      Were it clear that the motion is properly construed as a § 2241 petition, the undersigned might direct the Clerk's Office to so designate it, assign a new case number, and transfer the matter to the Central District.  However, several factors weigh against such disposition.  While a § 2241 petition may be used to challenge the BOP's denial of acceptance into the pilot program, see  Foster, supra, such a petition may not be used to circumvent the application process created by the Second Chance Act and First Step Act, or the administrative exhaustion requirement.  A prisoner must exhaust his administrative remedies before obtaining judicial review under § 2241.  Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam).  Respondent has demonstrated that petitioner has not initiated, let alone exhausted, the administrative process for seeking inclusion in the pilot project.  See ECF No. 449-1 (Declaration of Suzanne Scott) (and exhibits thereto).

      Moreover, as petitioner emphasizes in his reply, ECF No. 452, he seeks a judicial recommendation for home confinement rather than an order requiring his inclusion in the pilot program.  Because he is not claiming that the present execution of his sentence violates the law in any way, the motion cannot fairly be construed as stating any claim for relief that would be cognizable under § 2241.  Accordingly, the undersigned turns to the question whether a "recommendation" for home confinement is available or appropriate.

////

Unlike the compassionate release program also addressed in § 603 of the First Step Act, the early release program for elderly offenders does not provide a role for the court in the initial suitability determination. The compassionate release program requires modification of the sentence, which necessarily requires court order. See Pub. L. No. 115-391, § 603(b). Release to home confinement under the pilot program does not require a modification of the sentence; it involves a discretionary decision by BOP regarding how the sentence is to be served. The statute, both before and after amendment by the First Step Act, delegates exclusive discretion over placement decisions to the Attorney General and BOP.[2]

District courts may retain the statutory authority to make non-binding recommendations for RRC placement even well after sentencing.[3] See United States v. Ceballos, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (holding that district court's recommendation to BOP is non-binding and non-appealable, but noting that this conclusion "does not deprive district courts of the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time. . ."). Even if this authority applies equally to participation in the elderly offender home detention pilot project, however, this would not be an appropriate case for such a recommendation.

Although petitioner meets the age requirement for participation in the pilot program, many other eligibility criteria are doubtful. Because he has not yet applied for the program, BOP has not made the necessary determinations as to lack of violence, risk to public safety, and cost savings. See 34 U.S.C. § 60541(g)(5)(A)(iv), (vi), (vii).[4] More fundamentally, the court cannot accept at face value petitioner's contention that he has served two-thirds of a 30-year sentence and is eligible on that basis. Although petitioner is now serving a 30-year sentence as the result

---

[2] The Attorney General "may" release eligible offenders who have, among other things: been determined by the BOP and "in the sole discretion of" the BOP to have no history of violence; with respect to whom the BOP has determined that release to home confinement will save the government money; and determined by the BOP not to pose a risk to public safety. 34 U.S.C. § 60541(g)(1)(B), (g)(5)(A)(iv), (vi), (vii).

[3] The government thinks not. ECF No. 499 at 2-4. For the reasons that follow, the court need not resolve the question.

[4] Petitioner has had some disciplinary history while incarcerated, though none appears to have involved violence. See ECF No. 449-1 (Declaration of Suzanne Scott) at 3; ECF No. 449-4 (inmate discipline data).

of presidential commutation, he was sentenced to life imprisonment. As the Ninth Circuit noted when it affirmed this court's denial of sentencing modification, "a presidential commutation does not overturn the sentence imposed by the sentencing court." ECF No. 438 at 7. To be eligible for the pilot program, an inmate must be "serving a term of imprisonment that is not life imprisonment. . . *and* [have] served 2/3 of the term of imprisonment *to which the offender was sentenced*." 34 U.S.C. § 60541(g)(5)(A)(ii) (emphasis added). It is highly doubtful that petitioner can be deemed to have satisfied the latter criterion in light of the sentence imposed by this court.

Because participation in the pilot program for elderly offenders is entirely at the discretion of the Attorney General, and petitioner's eligibility is in doubt and should be decided in the first instance by the Attorney General, a judicial recommendation is not warranted. For the same reasons, petitioner's alternative request for recommendation of RRC placement should also be denied. Petitioner is free to seek the benefit of the pilot program through its prescribed application process, and may challenge any adverse decision by filing a § 2241 petition in the district of his confinement.

## CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that the Motion for Home Confinement, ECF No. 441, be DENIED without prejudice to the filing of a petition under 28 U.S.C. § 2241 in the district of confinement.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In

////

////

his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. § 2255(c)(1).

DATED: July 19, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE