UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>JOSE LUIS BUENROSTRO,<br><br>Defendant/Petitioner. | No. 2:95-cr-00504 WBS AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Defendant, a federal prisoner who is confined at FCC Lompoc and proceeds pro se, brings an "emergency motion" for miscellaneous relief. ECF No. 456. Petitioner seeks a judicial recommendation to BOP that he spend the last 18 months of his sentence at a Residential Reentry Center and on home confinement. Id. The United States has opposed the motion. ECF No. 459. The matter has been referred to the undersigned by the district judge. ECF No. 457.

I.  Background

Mr. Buenrostro was tried and convicted in 1996 of conspiracy to manufacture more than 31 kilograms of methamphetamine. ECF No. 130. Because of his prior convictions for felony drug offenses, he was sentenced to life imprisonment on January 8, 1997. ECF No. 191. On September 13, 1999, defendant filed a timely motion under 28 U.S.C. § 2255, which was denied after extensive proceedings. ECF Nos. 219 (§ 2255 motion), 306 (order filed Oct. 6, 2003, adopting Findings and Recommendations and denying relief), 318 (judgment of Court of Appeal,

1

filed Jan. 17, 2006, affirming). His subsequent efforts to collaterally challenge the conviction and sentence were rejected. See ECF Nos. 323 (§ 2255 motion filed Dec. 12, 2007), 341 (order filed Apr. 30, 2008, dismissing § 2255 motion as second or successive), 353 (opinion of the Court of Appeals, filed Mar. 23, 2011, affirming); United States v. Buenrostro, 697 F.3d 1137, 1139 (9th Cir. 2012) (denying leave to file second or successive § 2255 motion).

On August 3, 2016, President Obama commuted petitioner's life sentence to 360 months. ECF No. 400. In light of the commutation, petitioner sought a modification of his sentence under 18 U.S.C. § 3582(c)(2) and further relief under § 2255. Both applications were denied, ECF Nos. 426, 432, and the Ninth Circuit affirmed on July 13, 2018, ECF No. 438.

In December 2018, Congress enacted the First Step Act, a package of federal prison and sentencing reforms. On February 8, 2019, petitioner moved for a judicial recommendation for home confinement as an elderly offender under the Act. ECF No. 441. That motion was denied on August 14, 2019. ECF No. 455 (adopting Findings and Recommendations at ECF No. 453).

II.     Jurisdiction

The government contends, as it did regarding the earlier motion under the First Step Act, that this court lacks jurisdiction to entertain Mr. Buenrostro's request. ECF No. 459 at 2-6. The government argues first that the instant motion may not be considered in the context of this closed criminal case, because the court is divested of jurisdiction for all purposes. The Ninth Circuit has indicated that district courts retain the statutory authority to make non-binding recommendations for RRC placement even well after sentencing. See United States v. Ceballos, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (holding that district court's recommendation to BOP is non-binding and non-appealable, but noting that this conclusion "does not deprive district courts of the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time. . ."). The government says that this language cannot "change the[] clearly-established holdings on the finality of criminal prosecutions." ECF No. 459 at 3. But the finality of defendant's conviction and sentence are simply not implicated by the motion before the court. Defendant does not seek any change to his sentence, or reconsideration of any part of the judgment, so the court's lack of jurisdiction to consider such relief is not at issue. None of the authorities cited by the United

2

States expressly hold that a sentencing court may not entertain a request for a post-judgment recommendation to BOP regarding placement. Accordingly, like other judges of this court,[1] the undersigned will proceed to the merits of the matter.

The government argues next that petitioner's claim is not cognizable under 28 U.S.C. § 2255. The government is correct. Petitioner's motion involves the execution of his sentence, not the fact of it; such a challenge must be presented in a petition for writ of habeas corpus under § 2241. See Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) (discussing distinction between sections 2255 and 2241); see also Rodriguez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008) (affirming district court's grant of habeas relief under section 2241 to prisoner challenging BOP's refusal to consider prisoner for transfer to a Residential Reentry Center). A § 2241 petition must be filed in the district of confinement, even when it substantively implicates the sentence imposed by another district court. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Mr. Buenrostro is confined at FCC Lompoc, which is in the Central District of California. Accordingly, to the extent that the instant motion is properly construed as a § 2241 petition, only the U.S. District Court for the Central District of California has jurisdiction. See id.

However, the instant motion cannot fairly be characterized as a petition under § 2241. Mr. Buenrostro does not contend that anything about the execution of his sentence is unlawful, and he does not challenge a decision by BOP to deny RRC placement. Cf. Rodriguez, supra. Rather, Mr. Buenrostro seeks a recommendation from the sentencing court to the BOP regarding pre-release placement—a recommendation that he acknowledges would be non-binding. Accordingly, the undersigned does not recommend construing the motion as a § 2241 petition and transferring it to the Central District.[2]

---

[1] See, e.g., United States v. Ronell, 2018 WL 3388448, *2, E.D. Cal., (Case No. 1:06-CR-00066-LJO-1); United States v. Costa, 2018 WL 1418352, *1, E.D. Cal., (Case No. 1:11-CR-0026-LJO-SAB); United States v. Bhamani, 2017 WL 2992455, *2, E.D. Cal., (Case No. 2:10-CR-00327-TLN); United States v. Perry, 2017 WL 1534275, *2, E.D. Cal., (Case No. 2:13-CR-00049-TLN).

[2] It does not appear that defendant has exhausted his administrative remedies regarding the desired pre-release placement, which is a pre-requisite for a § 2241 petition. See ECF No. 459-6 (Government's Exhibit E) (Declaration of Suzanne Scott); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam).

### III. The Requested Recommendation to BOP is Not Warranted

Assuming that this court has the authority to make a pre-release placement recommendation to BOP, it should decline to do so. Decisions about pre-release placement, and all other aspects of the execution of a sentence, are delegated to the Attorney General. See, generally, United States v. Wilson, 503 U.S. 329, 335 (1992) ("[a]fter a district court sentences a federal offender, the Attorney General, though the BOP, has the responsibility for administering the sentence."). A judicial recommendation regarding specific pre-release placement would be extraordinary. Defendant has provided no compelling reason why this court should involve itself in BOP's exercise of its responsibilities in this regard. There is no true emergency, and there has been no showing of extraordinary circumstances.

Defendant has presented a litany of reasons why he is suitable for maximum pre-release time in an RRC and on home confinement. See ECF No. 456 at 4-6. While these may well be good reasons to consider defendant for his desired transitional placement, that decision should be BOP's. This court lacks BOP's expertise and experience regarding pre-release planning and placement, including the amount of time to be spent in an RRC and whether to include a period of home confinement. Accordingly, this court should not involve itself in the matter.

It should also be noted that defendant's previous motion seeking participation in the elderly offenders pilot program contained an alternative request for recommendation of RRC placement. The undersigned expressly recommended denial of that alternative request, ECF No. 453 at 6, and the Findings and Recommendations were adopted in full, ECF No. 455. Accordingly, the instant motion seeks relief that has already been requested and denied, without providing any basis for reconsideration.

For all these reasons, the motion for judicial recommendation should be denied. Petitioner is free to seek the release plan that he desires through the regular BOP channels, and may challenge any adverse decision by filing a § 2241 petition in the district of his confinement.

////

////

////

CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that the Emergency Motion for Judicial Recommendation for Maximum Time in Halfway House and Home Confinement, ECF No. 456, be DENIED without prejudice to the filing of a petition under 28 U.S.C. § 2241 in the district of confinement.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 13, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE