UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE LUIS BUENROSTRO,<br><br>    Defendant. | No. 2:95-cr-504 WBS<br><br><br><br>ORDER |

----oo0oo----

Defendant Jose Luis Buenrostro has filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Docket No. 477.) The court previously denied a similar motion by the defendant, finding that his age and medical condition, along with the COVID-19 pandemic, did not qualify as extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. (Docket No. 476 (citing United States v. Williams, No. 2:13-cr-383 TLN, 2020 WL 3402439, *2 (E.D. Cal. June 19, 2020).) Defendant has since been transferred from FCI Lompoc to home confinement by the Bureau of Prisons but asks for a sentence of time served so that he is not put at risk of

1

exposure to COVID-19 as a result of a required weekly visit to a Bureau of Prisons reporting center in Sacramento, California.

The court does not find that defendant's age and medical condition, in combination with the risk defendant faces from weekly visits with his case manager, constitute extraordinary and compelling reasons to reduce his sentence to time served.  Defendant has provided no reasons why he cannot minimize any risk through practices such as social distancing, washing his hands, and wearing a mask, and his risk from these visits appears the same, or likely less, than the risk the general public faces from conducting every-day activities such as grocery shopping.

Defendant also protests the twice-weekly telephonic classes he is required to take, which he argues is an undue burden on him and his family.  However, defendant provides no authority, and the court is unaware of any, which would allow the court to consider such a burden in assessing a motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

Finally, defendant contends that the Bureau of Prisons has miscalculated his good-time credits, lengthening his sentence by 24 days.  To the extent defendant requests an adjustment to his good time credits, the court will defer such decision to the Bureau of Prisons.

IT IS THEREFORE ORDERED that defendant's motion to reduce sentence (Docket No. 477), be, and the same hereby is, DENIED.

Dated:  September 4, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE